UNITED STATES of America, Appellee,

v.

Robert G. WELLS, Appellant.

No. 93–1089.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 18, 1993.

Decided Feb. 7, 1994.

Counsel who presented argument on behalf of the appellant was Barbara L. Flick of Omaha, Nebraska.

---

Counsel who presented argument on behalf of the appellee was Douglas R. Semisch, Assistant U.S. Attorney, of Omaha, Nebraska.

Before BOWMAN, BEAM, AND MORRIS SHEPPARD ARNOLD, Circuit Judges.

BEAM, Circuit Judge.

Robert G. Wells entered a plea of guilty to filing a false, fictitious or fraudulent claim against the government in violation of 18 U.S.C. § 287. The presentence report (PSR) recommended a base offense level of six. The PSR also recommended a three-level enhancement for the amount of the intended loss to the government, a two-level enhancement for more than minimal planning, a two-level enhancement for abuse of a position of trust, and a two-level enhancement for obstruction of justice. *See* U.S.S.G. §§ 2F1.1(b)(1)(D); 2F1.1(b)(2)(A); 3B1.3; 3C1.1. The PSR recommended no reduction for acceptance of responsibility. The recommended adjusted offense level was therefore 15. Since Wells had a criminal history category of I, this offense level resulted in a sentencing range of eighteen to twenty-four months.

Wells objected to the PSR's recommended enhancements. The district judge [1] conducted a sentencing hearing and received testimony and documentary evidence from both Wells and the government. At the conclusion of the hearing, the district court entered written findings of fact and adopted the enhancements recommended in the PSR. The court sentenced Wells to twenty months imprisonment to be followed by two years of supervised release. Wells appeals.

As grounds for reversal, Wells alleges that the district court abused its discretion by adopting the PSR's recommended enhancements for obstruction of justice, more than minimal planning, and for potential loss to the government. Wells also challenges the district court's determination that he was not entitled to a two-level downward departure for acceptance of responsibility.

The district court's decisions with regard to the challenged sentencing enhancements and its decision not to grant an acceptance of responsibility reduction were based on its factual determinations. We review these determinations only for clear error. *See United States v. Adipietro,* 983 F.2d 1468, 1474–79 (8th Cir.1993) (obstruction of justice and acceptance of responsibility determinations reviewed for clear error); *United States v. Brelsford,* 982 F.2d 269, 271 (8th Cir.1992) (abuse of trust position determination reviewed for clear error); *United States v. Pooler,* 961 F.2d 1354, 1357 (8th Cir.1992) (intended loss and more than minimal planning findings reviewed for clear error). After careful review of the sentencing transcript, we are convinced that the sentencing decisions made by the district court are not clearly erroneous and that the court did not abuse its sentencing discretion. Accordingly, we affirm Wells' sentence.

1. The Honorable Lyle C. Strom, Chief Judge for the United States District Court for the District of Nebraska.